## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

| | | |
|---|---|---|
| **ANDRE KIMBROUGH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 1:19-CV-00048** |
| | ) | |
| **CORE CIVIC,** *et al.*, | ) | **JUDGE CAMPBELL** |
| | ) | **MAGISTRATE JUDGE** |
| **Defendants.** | ) | **NEWBERN** |

## MEMORANDUM

Plaintiff Andre Kimbrough, an inmate of the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Core Civic and Jamie Gardner, the Health Services Administrator at SCCF, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)) (citations omitted).

A court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.      Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."   To state a claim under Section 1983, a plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III.      Alleged Facts

The complaint alleges that, on May 14, 2018, Plaintiff's hand was injured while working at his SCCF gym job.  The recreation supervisor called the medical department, and Plaintiff went to the medical department that day.  However, no x-ray technician was present so Plaintiff's hand could not be x-rayed.  Plaintiff received a physical examination and was told to return to the next day.  Plaintiff returned to the medical department the following day and received an x-ray.  The x-ray technician told Plaintiff that a bone in his hand was broken and told a doctor that Plaintiff needed a cast.  However, the medical staff refused to place Plaintiff's hand in a cast for three weeks, during which time Plaintiff experienced "excruciating" pain.  Finally, on June 7, 2018, Plaintiff's hand was placed in a cast.  (Doc. No. 1 at 4).

## IV.      Analysis

Plaintiff names two Defendants to this action:  Core Civic and Jamie Gardner.  (Doc. No. 1 at 4).  Plaintiff indicates that he sues Gardner in his/her individual and official capacities.  (*Id*. at 1). Plaintiff also indicates that he intends to name additional Defendants at a later date.  (*Id.*)

### A.    Jamie Gardner

The complaint identifies Gardner as the Health Services Administrator at SCFF.  (*Id*. at 4).
Failure to provide medical care, including care for mental health conditions, may give rise to a
violation of a prisoner's rights under the Eighth Amendment.  The United States Supreme Court
has held that deliberate indifference to serious medical needs of prisoners constitutes the
unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.  *Estelle v.
Gamble*, 429 U.S. 97, 104 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994).  A claim
of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an
objective and subjective component.  *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir.
2014).  A plaintiff satisfies the objective component by alleging that the prisoner had a medical
need that was "sufficiently serious."  *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).
A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that
the official being sued subjectively perceived facts from which to infer substantial risk to the
prisoner, that he did in fact draw the inference, and that he then disregarded that risk."  *Id*.
Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835,
but can be "satisfied by something less than acts or omissions for the very purpose of causing harm
or with knowledge that harm will result."  *Id*.

With regard to the objective component, the complaint does not allege that Plaintiff
received no medical care whatsoever for his broken hand; instead, the complaint alleges that his
medical care was delayed for three weeks.  Where the alleged constitutional violation is a delay in
medical treatment for a serious medical need, a slightly different analysis is employed to determine
whether a plaintiff has satisfied the objective element of the test. For example, a court must
examine the effect of the delay to ascertain whether the deprivation was sufficiently grave that it

posed a substantial risk of serious harm. *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001). Where the delay-of-treatment claim involves an injury that is not obvious, a plaintiff must submit verifying medical evidence showing the detrimental effect of the delay. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2004) (citing *Napier*, 238 F.3d. at 742-43). Where the delay-of-treatment claim involves an obvious injury, a plaintiff makes the necessary showing by demonstrating that he experienced the need for medical treatment and that the need was not addressed within a reasonable time. *Id*. at 900. Where the injury is evident, the detrimental effect of the delay is not at issue because it is the delay itself which creates the substantial risk of harm. *Id*. at 890.

Here, the complaint alleges Plaintiff's broken hand was diagnosed by an x-ray technician and communicated to the SCCF medical staff on the day after Plaintiff sustained the injury. Arguably, the complaint alleges that Plaintiff's medical need was obvious. *See Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (quoting *Danese v. Asman*, 875 F.2d 1239, 1244 (6th Cir. 1989) ("Although the right to adequate medical care does not encompass the right to be diagnosed correctly, [the Sixth Circuit] has 'long held that prison officials who have been alerted to a prisoner's serious medical needs are under an obligation to offer medical care to such a prisoner.'")). As to whether Plaintiff's medical need was addressed within a reasonable time, the courts in this Circuit have not established what is a reasonable length of time within which to provide medical care for a prisoner's obvious, serious injury. In one instance, a two day delay was found to be unreasonable, where the defendants knew that the prisoner was vomiting and complaining that he had had sharp and severe stomach pains for a prolonged period of time-- symptoms later characterized as "classic symptoms of appendicitis." *Blackmore*, 390 F.3d at 898. In another case, a two hour delay in obtaining medical care for an arrestee's broken hand--though

an obvious and serious medical need--was found not to be an unreasonable time frame. *Hubbard v. Gross*, No. 05-5088, 2006 WL 2787004, at *5 (6th Cir. Sept. 27, 2006). Likewise, an eight hour delay in providing medical treatment for a prisoner's broken wrist was held not to be a constitutional violation. *Gray v. Dorning*, 202 F.3d 268, 1999 WL 1336118, *1 (6th Cir. Dec. 20, 1999). However, in yet another case, a one day delay in providing medical care for a prisoner-plaintiff's facial fractures and broken hand was found to be a triable issue. *Frazier v. Ramsey*, No. 2:04-CV-265, 2006 WL 2981217, at *4 (E.D. Tenn. Oct. 16, 2006). In short, what is a reasonable time to delay medical care for a serious medical need depends upon the circumstances in a given case and, viewing the allegations in the light most favorable to the pro se Plaintiff, the Court concludes that the complaint states an actionable Eighth Amendment claim that it was unreasonable to wait three weeks to provide medical care for Plaintiff's broken bone.

With regard to the subjective component of Plaintiff's claim, deliberate indifference is manifested when a defendant intentionally denies or delays access to medical attention for a serious medical need. *Estelle*, 429 U.S. at 104. Here, the complaint alleges that "the medical staff treated [Plaintiff] with the most cruel and unusual punishment imaginable" because they refused to treat Plaintiff's broken bone for a period of three weeks and two days, despite being aware of Plaintiff's "23 days of excruciating pain." (Doc. No. 1 at 4). Presumably, as the Healthcare Administrator, Gardner is a member of SCCF's medical staff to which the complaint refers. For purposes of the required PLRA screening, the Court finds that the complaint's allegations state a colorable claim that Defendant Gardner acted with deliberate indifference in delaying the treatment of Plaintiff's broken hand. Consequently, Plaintiff's claim against Gardner in his/her individual capacity survives the required PLRA screening and will proceed to further development.

Plaintiff's claims against Gardner in his/her official capacity are claims against his/her employer, which appears to be Core Civic. The Court will address Plaintiff's claims against Core Civic next.

## B.    Core Civic

Because it performs a traditional state function in operating a state prison, Core Civic acts under the color of state law. *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir.1996). Core Civic is not entitled to Eleventh Amendment immunity and may be liable under Section 1983 "if its official policies or customs resulted in injury to the plaintiff." *O'Brien v. Mich. Dep't of Corr.*, 592 Fed. App'x 338, 341 (6th Cir. 2014); *see also Mason v. Doe*, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right").

To hold Core Civic liable, Plaintiff cannot rely on the theory of respondeat superior or vicarious liability. *See Street*, 102 F.3d at 818. Liability attaches only if Core Civic's policies were shown to be the "moving force" behind Plaintiff's injury. *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). Here, however, the complaint does not describe how a Core Civic policy is responsible in full or in part for Plaintiff's injury. Moreover, an allegation that Core Civic had a duty to hire and train competent staff is insufficient to identify a Core Civic policy and tie that policy to Plaintiff's injury. *See Baxter v. Corizon Health, Inc*., No. 1:14-cv-1347-JDT-egb, 2015 WL 5707062, at *5 (W.D. Tenn. Sept. 28, 2016). Therefore, for purposes of the initial screening of Plaintiff's claims against Core Civic required by the PLRA, the Court finds that the complaint as it presently reads fails to state Section 1983 claims upon which relief may be granted against Core Civic.

**V.      Conclusion**

Having screened the complaint pursuant to the PRLA, the Court finds that the complaint states colorable Eighth Amendment deliberate indifference to serious medical needs claims against Jamie Gardner in his/her individual capacity.  The Court finds that Plaintiff's allegations are not frivolous or malicious, and that Gardner must respond to Plaintiff's allegations.

However, Plaintiff's allegations against Core Civic fail to state claims for which relief may be granted.    28 U.S.C.  § 1915A.  Those claims and Defendant, therefore, will be dismissed.   28 U.S.C. § 1915(e)(2).

An appropriate Order will be entered.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE