UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ANDRE KIMBROUGH,

    Plaintiff,

v.

CORE CIVIC, et al.,

    Defendants.

Case No. 1:19-cv-00048

Judge William L. Campbell, Jr.
Magistrate Judge Alistair E. Newbern

To:    The Honorable William L. Campbell, Jr., District Judge

## **REPORT AND RECOMMENDATION**

Pro se and *in forma pauperis* Plaintiff Andre Kimbrough is incarcerated at the South Central Correctional Facility (SCCF) in Clifton, Tennessee. In this civil rights action, Kimbrough alleges that SCCF Health Services Administrator Jamie Gardner waited more than three weeks to comply with an x-ray technician's recommendation that Kimbrough's broken hand be placed in a cast, a delay that caused Kimbrough excruciating pain. (Doc. No. 1.) Gardner is the only remaining defendant in this action and has not been served. Kimbrough has not responded to this Court's order requiring him to show cause why this action should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). Accordingly, the Magistrate Judge will recommend that this action be dismissed without prejudice under Rule 41(b).

**I.    Factual and Procedural Background**[1]

Kimbrough filed this action under 42 U.S.C. § 1983 on June 7, 2019, asserting Eighth Amendment claims against Core Civic and Gardner. (Doc. No. 1.) Kimbrough alleges that, on

---

[1] The facts in this section are drawn from Kimbrough's complaint (Doc. No. 1) and taken as true for purposes of this Order.

May 14, 2018, he injured his hand while working at the SCCF gym. (*Id.*) The next day, an x-ray showed that Kimbrough's hand was broken, and the x-ray technician informed the doctor that Kimbrough would need a cast. (*Id.*) SCCF Health Services Administrator Gardner and other medical staff were aware that Kimbrough needed a cast, but did not provide him with one for twenty-three days. (*Id.*) Kimbrough experienced excruciating pain during that time. (*Id.*) Kimbrough seeks $1,500,000.00 in damages. (*Id.*)

On June 17, 2019, the Court screened Kimbrough's complaint under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2) and 1915A, and allowed only an individual-capacity claim against Gardner to proceed. (Doc. Nos. 4, 5.) The Court directed the Clerk's Office to send Kimbrough a copy of the screening order and a service packet for Gardner and ordered Kimbrough to complete and return the service packet within twenty-one days of receiving the screening order. (Doc. No. 5.) The Court warned Kimbrough that failure to do so "could jeopardize his prosecution of this action." (*Id.*)

On August 22, 2019, the Court noted that Kimbrough had not returned a completed service packet for Gardner. (Doc. No. 6.) The Court ordered Kimbrough to show cause by September 12, 2019, why this action should not be dismissed for failure to prosecute and warned Kimbrough that failure to respond to the show-cause order would likely lead to a recommendation of dismissal. (Doc. No. 6.) Kimbrough has not responded to that order.

**II.     Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their

calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

**III.     Analysis**

Kimbrough has unduly delayed this action by failing to return a completed service packet for Gardner and by ignoring this Court's show-cause order. This action should therefore be dismissed without prejudice.

**A.     Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Even if Kimbrough's failure to complete a service packet for Gardner and respond to the Court's show-cause order were not motivated by bad faith, Kimbrough's inaction still reflects "willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see id.* (explaining that, "[e]ven where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault"); *see also Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017) (finding that plaintiff was at fault for failing to respond to court's show-cause orders). This factor supports dismissal.

**B.     Prejudice**

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g., Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607,

2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit has explained that "[i]f such efforts . . . [were] alone sufficient to establish prejudice" for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, because Gardner has not been served, he has not wasted any time, money, or effort as a result of Kimbrough's failure to prosecute. This factor weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Id.* at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court warned Kimbrough that failure to return a completed service packet for Gardner would jeopardize Kimbrough's prosecution of this action. (Doc. No. 5.) The Court also expressly warned Kimbrough that failure to respond to the show-cause order would likely lead to a recommendation of dismissal. (Doc. No. 6.) This factor supports dismissal. *Schafer*, 529 F.3d at 740; *see also Wright*, 2013 WL 1729105, at *3 (granting motion to dismiss for failure to prosecute where Court's orders to show cause warned plaintiff "that her conduct could result in dismissal").

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is the appropriate result here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*,

5

110 F. App'x at 557 n.5. That sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal").

**IV.     Recommendation**

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 15th day of October, 2019.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge